

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 23, 1966

Honorable John C. Mullen, County Attorney
Honorable F. B. Lloyd, Jr., District Attorney
Jim Wells County
Alice, Texas

Opinion No. C-767

Re: Timeliness and legal suf-
ficiency of submitted peti-
tion of an independent can-
didate for office of Justice
of the Peace, Precinct 1 of
Jim Wells County.

Gentlemen:

Your opinion request on the above-captioned subject
reads as follows:

"Prior to July 12, 1966, Justice of the
Peace Precinct I of Jim Wells County contained
two Justices of the Peace, designated as Places
I and II.

"On July 12, 1966, the Jim Wells County
Commissioners' Court abolished Places I and II,
declared a vacancy in the Office of Justice of
the Peace, Precinct I, and appointed a Justice
of the Peace to serve the unexpired term. A
new four year term for Justice of the Peace,
Precinct I will commence January 1, 1967.

"A petition nominating the former Justice
of the Peace, Precinct I, Place I, as an inde-
pendent candidate for the Office of the Justice
of the Peace, Precinct I, to be filled at the
General Election on November 8, 1966, was present-
ed to the Jim Wells County Judge on September 9,

-3685-

1966 by someone other than the candidate in person. The petition contains a sufficient number of signatures, if valid, to constitute more than 5% of the votes cast for Governor in the last General Election in Justice of the Peace Precinct I.

"We enclose a photocopy of one page of the petition nominating Mrs. Villanueva as an independent candidate and we also enclose a photocopy of her application to have her name placed on the General Election Ballot.

"The County Judge of Jim Wells County has asked us to obtain your formal opinion as to whether or not the form of the petition and the application are legally sufficient to constitute a nomination of Mrs. Villanueva as an independent candidate for the Office of Justice of the Peace, Precinct I, Jim Wells County, Texas; and whether or not the petition was presented to him in sufficient time to qualify that person as a candidate for the Office of the Justice of the Peace at the November 8th General Election and we hereby request such opinion."

Prior to the order of July 12, 1966, there were in existence for Justice Precinct No. 1 of Jim Wells County the two separate offices of Justice of the Peace, Place No. 1 and Justice of the Peace, Place No. 2. Under the provisions of Article XVI, Section 65 of the Texas Constitution, the Justice of the Peace, Place No. 1 was serving a four-year term expiring on December 31, 1968, and the Justice of the Peace, Place No. 2 was serving a four-year term expiring on December 31, 1966. Therefore, at the general election in November, 1966, this latter office was subject to being filled for a new four-year term commencing on January 1, 1967, and it would have been proper to make nominations for that office at the primary elections held on May 7, 1966 (the date of the runoff primary was June 4, 1966). However, by the order of July 12, 1966, these previously existing offices were abolished and the distinct separate office of Justice of the Peace, Precinct No. 1 was brought into existence. Thereupon, any previously-made nominations for the abolished

office of Justice of the Peace, Place No. 2 became void, and this new office became subject to filling by election at the general election this year, for a four-year term commencing on January 1, 1967. Brown v. Meeks, 96 S.W.2d 839 (Tex.Civ.App. 1936, error dism.); Tex. Const., Art. XVI, Sec. 65; Att'y Gen. Ops. WW-1292 and 1386 (1962).

In this opinion, therefore, we are concerned with the nomination of an independent candidate for an office which came into existence after the statutory filing deadlines in Articles 13.47a and 13.50 of the Texas Election Code. The first question to be settled is the timeliness of the petition. Article 13.12a of the Texas Election Code, enacted in 1963, provides methods and deadlines for making nominations for unexpired terms in offices where the vacancy giving rise to the unexpired term occurs after the deadline for filing in the primaries. Under paragraph (5) of Article 13.12a, for a vacancy occurring on July 12, 1966, the petition of an independent candidate could be filed at any time up to midnight of October 3, 1966 ("not later than thirty-five days before the day of the general election"). However, we are of the opinion that Article 13.12a does not cover the present situation, but applies only to unexpired terms.

We have, then, a situation not covered by any statutory provision. This was the legal situation involved in Attorney General's Opinion WW-367 (1958), which dealt with the methods for making nominations for an unexpired term in the office of County Attorney before enactment of Article 13.12a, where the vacancy occurred too late for nominations to be made in the primaries. In that opinion, dated September 15, 1958, the vacancy had not yet occurred but it was contemplated that a vacancy might occur prior to the general election in November of that year by resignation of the incumbent. The opinion held that a political party could make a nomination at its county convention (if the vacancy occurred before the date of the convention) or at its state convention if the county convention had not made a nomination, and that persons could also run as independent candidates or as write-in candidates. A further question read as follows:

"(3) If it is possible for a candidate to get his name on the ballot as an independent, when must his application be filed and does the general law pertaining to independents apply to the prerequisites for getting his name on the

ballot?"

The opinion held that the candidacy of an independent candidate would be subject to the general provisions of the Election Code governing independent candidates (Arts. 13.50-13.52) except as to the deadline for filing the application (petition) and consent to become a candidate. After discussing the holding of the unreported case of Sterrett v. Hyer, Cause No. 16,058, Dallas Court of Civil Appeals, decided October 5, 1956, the opinion concluded:

> "* * * By similar reasoning, we think candidates are entitled to a reasonable time within which to file their applications after the vacancy occurs, but in any event the application must be filed in sufficient time to permit the election officers to have the ballots prepared in accordance with statutory requirements. What constitutes a reasonable time for candidates to file for the office of County Attorney of Nueces County will be a matter for the initial determination of the County Judge, the officer with whom the applications are to be filed."

We repeat that what constitutes a reasonable time for independent candidates to file in the present situation is for the initial determination of the County Judge. However, we will offer some suggestions in regard to guidelines for determining what constitutes a reasonable time.

The statutory requirements referred to in the preceding quotation are that the names of candidates be posted for ten days before the ballots are ordered to be printed (Elec. Code, Art. 13.32) and that the ballots be printed in time for absentee voting to begin on the 20th day before election day (Elec. Code, Art. 5.05). These requirements fix the final possible date at some time considerably beyond September 9, the date on which the present petition was filed.

Within this possible period, we think the County Judge of Jim Wells County could have announced a predetermined deadline

for receiving applications of independent candidates, under which any period of at least 30 days following the creation of the office conceivably might have been deemed a reasonable time, based upon an analogy to the maximum of 30 days available under Article 13.50 for circulation of the application in instances where it could not be circulated until after the second primary because of a runoff contest for a nomination to the office involved. However, we believe the deadline under Article 13.12a, noted above, would provide a more appropriate analogy for the County Judge's guidance in fixing a deadline ahead of its occurrence. And where no deadline had been fixed, we believe independent candidates would be entitled to assume in all events that a petition filed by the date of the September state convention of political parties (see Elec. Code, Art. 13.38) would be timely, since party nominations could be made through that date.

You have asked also whether the form of the petition and Mrs. Villanueva's application are legally sufficient to constitute a nomination. In answering this question we bear in mind the holding in Attorney General's Opinion No. WW-509 (1958), based on Weatherly v. Fulgham, 153 Tex. 481, 271 S.W.2d 938 (1954) and Ferris v. Carlson, 158 Tex. 546, 314 S.W.2d 577 (1958), with respect to the lack of any authority in the County Judge to look beyond the face of the petition itself and official records in passing on the sufficiency of a petition and the validity of signatures appearing thereon.

The only possible deficiency we detect in the petition nominating Mrs. Villanueva (officially called an application in the Election Code) is with reference to the requirement in Article 13.50 that the application show the address of each voter signing it. A street address is shown for each signer, but the city or town is not shown. However, a Jim Wells poll tax receipt number is listed for each signer, and the list of qualified voters as well as the duplicate receipt will show the signer's full address. In these circumstances, we believe the listing of the street address alone is a substantial and sufficient compliance with the statutory requirement.

Article 13.52 of the Election Code contains the following provision:

"* * * [A]ny candidate who is required by Art. 13.47a of this Code to file a statement of intent to become an independent candidate must have filed such statement in compliance with the provisions of that article, and any candidate not required to file such statement must file with the Secretary of State or the county judge, as the case may be, his written consent to become a candidate, within thirty days after the second primary election day."

The deadline for filing the statement required by Article 13.47a is the first Monday in February preceding the election. An independent candidate for an office created at a date when compliance with this article is impossible is not required to file a statement in accordance with the provisions of that statute. Att'y Gen. Op. WW-1386 (1962).

On September 9, 1966, there was filed with the County Judge a document, signed by Mrs. Villanueva and acknowledged by her on that date, headed "Application to Have Name on Election Ballot" and requesting "that my name be placed upon the official ballot for the General Election to be held on the 8th day of November, 1966, as an independent candidate for the office of Justice of the Peace, Precinct 1, Jim Wells County, Texas, Full Term." The document also lists Mrs. Villanueva's occupation, age, and post office address. In our opinion, this document constitutes a "written consent to become a candidate" for the office involved.

## S U M M A R Y

Where the two offices of Justice of the Peace, Precinct No. 1, Place No. 1 and Place No. 2 were abolished and the separate office of Justice of the Peace, Precinct No. 1 was created by an order of the Commissioners Court entered on July 12, 1966, an election for a term of four years for the new office, to begin on January 1, 1967, should be held at the general election in November, 1966. Under these circumstances, a person desiring to become an

independent candidate for the office is not required to file his application (petition) by the deadline specified in Article 13.50 of the Texas Election Code, and must be allowed a reasonable time in which to file his application and consent to run.

In the present instance, the papers filed with the County Judge of Jim Wells County in behalf of the candidate named in the voters' petition satisfy the documentary requirements for becoming an independent candidate for the office involved.

Yours very truly,

WAGGONER CARR
Attorney General

By: *Mary K. Wall*

Mary K. Wall
Assistant

MKW:ra

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Paul Phy
Harold Kennedy
Alan Minter

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright